By the Court, Robertson, Ch. J.
This is an application for a resettlement and modification of the judgment of affirmance by the general, term in these cases, so as to permit the plaintiffs therein to apply at special term to modify the judgment rendered there, in such a manner as to allow them to add new parties.
I do not doubt the power of this court at general term *507 to modify a judgment dismissing a complaint absolutely, rendered by a special term, so as to add to it a direction to let the cause stand over to add parties, in a proper case. Where a plaintiff has merits, and his proceedings are defective, merely for want of proper parties, unless the defendant has made the objection at the earliest stage, so as to enable the plaintiff to discontinue and, commence anew, courts of equity universally allow the defect to to cured. (Harder v. Harder, 2 Sandf. Ch. 17.) Unless in case of bad faith on the part of the plaintiff. (Van Epps v. Van Deusen, 4 Paige, 64, 76.) If the court at special term should refuse such permission, in a proper case, this court at general term could correct the error.
The ex parte settlement or signing of judgment would not prevent the exercise of such power by the general term, as they have absolute control over their proceeding to make them regular and just. The court in these cases held that the plaintiffs could not reach the assets of the firm of Addison Brothers, alleged to have been assigned fraudulently and-without the authority of Joseph Addison or his representatives, except through such representatives, and then only upon alleging that they had refused to join as plaintiffs or commence an action on their own account for the same reason. But its opinion was also partly placed upon the ground that there was not sufficient evidence to sustain the charge of fraud, and that a surviving partner could transfer the assets of the firm directly in payment of debts by way of preference, and it sees no reason now to' change those views. The rule seems to be settled that “ where a party is entitled to no relief as against the parties before the court and his complaint is dismissed, the appellate court will not reverse the. deeree to enable" him to introduce new parties and make a new case upon the merits.” (Jameson v. Deshields, 3 Grattan, 4.)
As in this case the plaintiffs would be no better off, under *508 the evidence, by making the representatives of Joseph Addison parties than at present, there is no good reason for allowing the amendment desired; but if the plaintiffs think. they can make a better case in a new action, the judgment may be amended by making it without prejudice to such new action. (Van Epps v. Van Deusen, 4 Paige, 76.) Possibly such permission may be,of no av9.il, but itis all the relief the court is authorized to give.
The .motion is denied, except as to such modification, and no costs are given upon it.