Marr, J.
Zenon Labauve recovered two judgments against Mrs. Emily Woolfolk, and against her son Joseph B. Woolfolk for one half the amount in each case, which were inscribed August, 1865, as judicial; mortgages against their real property in Iberville parish. In September following Joseph sold to his brother, Austin Woolfolk, Jr., his undivided interest, as one of the heirs of their father, Austin Woolfolk, Sr., and of their brother Samuel, being nineteen one hundred and sixtieths-of a plantation and three separate parcels of land in Iberville. This undivided interest, therefore, went into the ownership of Austin Woolfolk subject to the two judicial mortgages which rested upon it for Joseph’s-half of the two judgments in favor of Labauve.
Joseph B. Woolfolk was adjudicated a bankrupt; and on the 22d June, 1869, he was finally discharged from debts and liabilities existing on the 29th February, 1868. This terminated his personal liability on the two judgments.
In August, 1869, on their .petition fllqd 10th June, 1869, Austin Wool- *135 folk and his sisters Sarah and Louisiana obtained a judgment in the parish court against their mother, Mrs. Emily Woolfolk, decreeing a partition, and a sale for partition, of the property of the succession of Austin Woolfolk, Sr. Joseph Woolfolk was not a party to this suit; nor does there seem to have been any occasion for making him a party, since four years before he had sold his entire interest in the property to his brother Austin; and if he had any pecuniary rights in the succession or against any person whomsoever, prior to the 29th February, 1868, they passed to and vested in his assignee in bankruptcy; and he had not the legal capacity to assert or to enforce them.
Certain creditors of Mrs. Emily Woolfolk intervened and opposed the sale, and arrested it by-injunction. The case came before this court, in 1870, on the appeal of the Woolfolk heirs from the judgment overruling their motion to dissolve the injunction. This appeal was dismissed on the ground that the judgment was interlocutory ; 22 An. 206. The case having been remanded to the parish court, the heirs excepted to the jurisdiction of that court to entertain the intervention of the creditors; and the judgment of the parish court maintaining the exception was affirmed by this court. 24 An. 282.
Meantime Zenon Labauve died; and Mrs. Elise Labauve, widow and usufructuary, brought suit in the district court to annul the judgment of partition, and she enjoined the sale. This case terminated in May, 1874, by a decree of this court, affirming the judgment of the district court which dismissed the suit, and dissolved the injunction with $550 damages. 26 An. 440. There being no longer any obstacle to the execution of the judgment of the parish court in the partition suit, the property was sold at public auction, on the 3d December, 1874.
It may as well be stated here that Mrs. Labauve, Hernandez, and others, creditors of Mrs. Emily Woolfolk, intervened in the parish court, and opposed the homologation of the partition. We were of opinion that the parish court was without jurisdiction of the partition suit, and that the proceedings were void ab initio, because the succession of Woolfolk had been closed before that suit was brought; and the judgment dismissing the intervention and opposition of the creditors was reversed. On rehearing, we saw no reason to change that opinion; but a more careful examination of the record showed that there was no proceeding pending to homologate the partition, at the time these creditors intervened; and our final decree dismissed their intervention and opposition as in case of nonsuit. 30 An. 140.
In 1871 Austin Woolfolk, Jr., died, leaving a last will by which, reserving to his mother her portion as forced heir, one third, he gave one half the residue of his succession to his brother Joseph, and the other half, in equal portions, to his sisters Sarah and Louisiana. That is : to *136 the mother, one third: to Joseph, one third, and to Sarah and Louisiana, each, one sixth. At the sale for partition the entire real property’in Iberville, which belonged in common to the three surviving Woolfolk' heirs and their mother, was adjudicated to Joseph and his two sisters in equal undivided portions.
In July, 1874, shortly after the decision reported in 26 An. 440, Mrs. Labauve brought suit against Henry R. Slack, testamentary executor of Austin Woolfolk, Jr., to subject to the two judicial mortgages already mentioned the nineteen one hundred and sixtieths sold by Joseph to Austin Woolfolk in 1865.
Slack plead the bankruptcy of Joseph and his discharge as an ex-tinguishment of the judgments : that the suit was an attempt to hold Joseph personally liable notwithstanding his discharge; and that it was without legal foundation. Joseph intervened and adopted the defenses set up by Slack ; and he plead other matter, which need not now be noticed further than to say that it constituted no defense to the action.
From the judgment of the district court rejecting her demand Mrs. Labauve appealed ; and this court reversed the judgment of the district court, and decreed that the property be seized and sold, and the proceeds applied to the two judgments in favor of Labauve. 28 An. 296.
On this decree a writ issued commanding the sheriff to seize and sell “ nineteen one hundrel.and sixteenth parts,” 19-116, of the plantation and the three parcels of land, of which Austin Woolfolk had owned nineteen one hundred and sixtieths by purchase from Joseph, and the like quantity in his own right as one of the heirs of his father and brother. The sheriff made the seizure in accordance with the writ, and advertised the property for sale on the 2d September, 1876. On the 1st September, this suit was brought by Joseph B. Woolfolk, Louisiana T. Woolfolk, joined and assisted by her husband, Henry R. Slack, ail residing in Iberville parish, and Sarah J. Woolfolk, joined and assisted by her husband William H. Simrall, residing in the parish of Pointe Coupee, to enjoin the sale. The injunction was granted on that day; and on the same day, 1st September, as is stated in the return, the sheriff, by order of the attorneys of Mrs. Labauve, released the seizure, and returned the writ unsatisfied.
The petition charges, substantially : That Mrs. Labauve had made herself a party to the partition suit by her several interventions and injunctions : that she is bound by the proceedings; and that they constitute res adjudicata agains: her.
That the sale at which petitioners purchased was a public judicial sale, by which pre-existing mortgages were extinguished as against the *137 property, and transferred to the proceeds; That petitioners have always been ready and willing to' pay to Mrs. Labauve the proportion of the proceeds due to the mortgage held by her, which had never been demanded ; and that they now tender the amount to her.
That Sarah and Louisiana were never parties to the suit of Mrs. Labauve v. Slack, Executor ; and they are not bound by the judgment rendered therein ; and that Mrs. Labauve has no judgment of the Supreme Court authorizing the order of seizure and sale which she caused to issue, by virtue of which the sheriff has seized and advertised their property for sale.
The prayer is for an injunction restraining and prohibiting Mrs. Labauve and the sheriff from further proceeding to execute “ the order of seizure and sale, by virtue of which he has seized and advertised for sale nineteen one hundred and sixteenths undivided parts of petitioner’s property on the 2d September, 1876.”
Petitioners also pray that all mortgages existing on the property at the date of the partition sale, 3d December, 1874, resulting from the judgments of Zenon Labauve against Emily Woolfolk and Joseph B. Woolfolk, be decreed to be extinguished and no longer existing against the property of petitioners’ purchased at the partition sale ; and that they be canceled and erased.
Mrs. Labauve excepted on four grounds :
1. That all the matters set up against the execution of the judgment in the suit of Labauve v. Slack could have been and were made grounds of defense; and can not now be plead as grounds of injunction.
2. That the judgment in the suit against Slack is res adjudícala against all the parties, they all being represented by him as executor.
3. That the petition asks the court to enjoin a judgment of the Supreme Court.
4. That the seizure of more than the interest of the mortgage debtor is no ground for these parties to enjoin the sale and execution, much less for that portion covered by the mortgage.
The exception concludes with a prayer for the dissolution of the injunction, with twenty per cent general damages, ten per cent interest, and five hundred dollars special damages for attorney’s fees.
The judgment of the district court overruled the exception as to Sarah and Louisiana, but maintained it, and dissolved the injunction as to Joseph Woolfolk, with fifty dollars damages. He appealed : and Mrs. Labauve prays in her answer that the judgment appealed from be so amended as to allow her twenty per cent damages, and $500 for attorney’s fees, as claimed in the exception.
We do not find in the transcript any reasons assigned by the dis *138 tricfc judge for this judgment. As no appeal was taken from the judgment as to Sarah and Louisiana, we have no power to review it; and our inquiry must be limited to the judgment against Joseph Woolfolk.
First. As to the first ground of exception, it suffices to say thát the want of proper parties was not plead in the suit against Slack, executor ; nor does it in any way appear that this defense was brought to the notice of the court or passed upon by the court.
Second. As to the second ground: the suit of Labauve v. Slack, executor, was an hypothecary action, a real action. C. P. art. 4, 41, 42, 61, 62, 68. Elwyn v. Jackson, 14 La. 413, 414 ; and neither in the hypothecary action, nor in any other real action, does the testamentary executor represent the heirs who are present or represented in the State. He is without legal capacity to stand in judgment alone in a real action if the heirs are either present or represented in the State; and all the heirs present or represented miist be joined with the executor as defendants. C. P. art. 123 ; Cronan v. Executors of McDonogh, 9 An. 302.
Third. As to the third ground: The decree of the Supreme Oourt ordered to be seized and sold nineteen one hundred and sixtieths. The writ did not conform to the decree. It commanded the sheriff to seize and sell nineteen one hundred and sixteenths ; and he followed the writ in the seizure and advertisement. The petition did not ask the court to enjoin the decree of the Supreme Court; it asked for an injunction against further proceeding under the writ and seizure.
Fourth. As to the fourth ground : under a fieri facias, any property of the judgment debtor not exempt by law may be seized. If the sheriff should make an excessive seizure, the defendant might be relieved, and the seizure reduced on motion, and proper showing to the court from which the writ issued. If the property of a third person should be seized under the writ, he might enjoin. In the hypothecary action, where the owner'or possessor of the incumbered property is not the judgment debtor, he is not personally liable. The decree declaring the property subject, and ordering it to be seized is a decree in rem against the specific property. The owner or possessor is called, in legal parlance, the “ Third Possessor.” No other property is liable but that on which the mortgage rests ; and if the writ commands the seizure and sale of any other property of the third possessor than that decreed to be subject to the mortgage, the third possessor, like any other third person, may protect himself by injunction.
As the seizure was released and the writ returned by order of the seizing creditor on the day the injunction was granted, the day before that fixed for the sale, the injunction could not have caused any damage whatever. The injunction Simply arrests further proceeding under *139 the writ until the alleged causes of injunction can be heard and determined. It does not operate a release of the seizure, nor does it require a return of the writ. On the contrary, while the sheriff is bound to desist from further proceeding, he is also bound to retain the writ, and. to hold the property under seizure until the injunction is finally disposed of. In the event of its dissolution he must complete the execution by proceeding to sell the property seized, as commanded by the-writ. The order of the seizing creditor, to release the seizure and return the writ, can not be construed otherwise than as a confession of the existence of legal cause for arresting the execution, and the consequent, abandonment of the entire proceeding under the writ. The court erred, therefore, in awarding damages against the appellant.
As Austin Woolfolk was not the judgment debtor, and was not personally liable, he was the third possessor of the property incumbered by the two judgments in favor of Labauve ; and whether this property, at. the time the suit of Mrs. Labauve against Slack, Executor, was brought, was in the possession of Slack as testamentary xxecutor, or of the-heirs under the will of Austin Woolfolk, it was neither in the possession of the debtor nor of his heirs. When hypothecated property is-thus situated the hypothecary creditor can reach it only by an action against the third possessor or possessors, to compel him or them to .give it up, or pay the amount for which it stands hypothecated. “This is-the hypothecary action, properly speaking a real action, as defined by the Code of Practice, arts. 41, 42, 61 to 68 inclusive; and by this court, in Elwyn vs. Jackson, 14 La. 413, 414.
In Citizens’ Bank vs. Buisson, 7 Rob. 506, Buisson was executor of Pichot; and he was in the actual possession of property mortgaged by Pichot to the bank. The bank commenced proceedings against the-property, via executiva, which the court said section twenty-four of the charter authorized, notwithstanding the death of the mortgagor, or any change of title or possession, by any means or cause. This proceeding-was abandoned, that is, by supplemental petition it was changed to the via ordinaria; and Buisson was cited as the person in possession, not as the executor of the deceased mortgagor. The court of original jurisdiction rendered judgment against Buisson, “who had been cited merely as the actual possessor of the mortgaged premises,” for a sum to be-paid by him in his capacity of testamentary executor. This was held to be error. The judgment was reversed, and a decree rendered ordering that unless Buisson, “the person in actual possession of the mortgaged premises,” should pay, etc., the mortgaged property should be sold, etc.
The suit of Mrs. Labauve vs. Slack was brought against the testamentary executor alone. She alleged the death of Austin Woolfolk ; and that his succession was being administered by Henry R. Slack, *140 as testamentary executor. She did not allege that Slack was in possession of the property, nor did she proceed against him as the third person in actual possession. She prayed that he be cited “ in his capacity aforesaid and that the mortgaged property be seized and sol'd, etc., ■“ unless said Henry R. Slack in his capacity aforesaid” should pay, etc. That is, she sued Slack in his capacity as testamentary executor of the former owner, which the court said in Buisson’s case, 7 Robinson, could not be done.
As this was purely an hypothecary action, in which no personal liability was asserted, it was a real action; and in Cronan vs. McDonogh’s Executors, 9 An. 302, which was a real action, this court said the executors were without capacity to stand in judgment alone in the controversy, citing and relying on article 123 of the Code of Practice. This article declares, in very positive terms, that if the heirs are present or represented in the State, “none but personal actions can be brought against the testamentary executor alone. All real actions, such as those of revendication and the like, must be brought both against the testamentary EXECUTOR AND THE HEIRS PRESENT OR REPRESENTED.”
As all the heirs resided in the State, they were all present, in the sense of the law; and they could all have been cited, either personally or at their domicil if temporarily absent. If the intervention of Joseph made him a party, he and the executor were the only parties defendant; and if the executor was without capacity to stand in judgment alone, he and one of the heirs were equally incapable. There can be no judgment without parties legally capable of standing in judgment. The right of Mrs. Labauve was indivisible. She sought to enforce her judicial mortgages against an undivided interest in real property, an entirety which liad belonged to Austin Woolfoík; and which, by his will, had passed, in indiviso, to his mother, his brother, and his two sisters. The decree which declared that undivided interest subject to the mortgages of Mrs. Labauve effected and condemned to be sold an entirety, the property of all these four heirs ; and according to the Code of Practice, article 123, all four were necessary parties to the suit.
The mere reading of the opinion in 28 An. 296, shows that the court ■considered and passed upon no other defenses than those set up in the pleading. It is manifest, and the court properly so held, that the discharge of Joseph in bankruptcy did not release Austin Woolfolk’s property from the judicial mortgages in favor of Labauve. If the attention of the court had been cabled to the want of capacity in the executor and one of the heirs to stand in judgment alone, the court would have been compelled to have passed upon that question : and we entertain no doubt but that the cause would have been remanded, in order that all the heirs.might be cited, as was done in Oronan’s case, 9 An. 302.
*141 Be that as it may, the decree in 28 An. 296, 297, does not conclude Joseph Woolfolk, because no personal judgment was asked for or rendered; and the persons who were defendants in the suit were incapable of standing in judgment in the controversy. There can be no greater nullity than a judgment without parties defendant; and defendants without capacity to stand in judgment can not give the court jurisdiction to pass upon the subject matter in controversy.
A decree ordering the seizure and sale of an entirety can not be enforced otherwise than by the sale of that entirety. The entirety can not be sold in this case, because one only of the four owners of that entirety was a party to the proceeding ; and Joseph Woolfolk had the right to join with his co-owners in a suit to prevent the sale of the entirety under a decree not rendered contradictorily with all the owners representing that entirety. The district court erred in maintaining the exception as against Joseph Woolfolk. It should have been overruled absolutely.
It is therefore ordered, adjudged, and decreed that the judgment appealed from in so far as it maintains the exception and dissolves the injunction with damages as to Joseph Woolfolk, be and it is annulled, avoided, and reversed: that the exception herein taken and pleaded by Mrs. Elise Labauve be overruled: that the cause be remanded for further proceedings according to law and the views herein expressed ; and that Mrs. Elise Labauve, appellee, be condemned to pay the costs of the exception in the district court, and the costs of this appeal.